# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00329-CV

---

**C. G., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 274TH DISTRICT COURT OF COMAL COUNTY
### NO. C2023-0931C, THE HONORABLE MELISSA MCCLENAHAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

C.G. ("Father") appeals from the trial court's order terminating his parental rights to his son C.G., Jr., and his daughter S.G.[1]  After a bench trial, the trial court rendered judgment finding by clear and convincing evidence that several statutory grounds existed for terminating Father's parental rights and that termination was in the children's best interest.  *See* Tex. Fam. Code § 161.001(b)(1) (D), (E), (O), (b)(2).

Father's court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the

---

[1] For the children's privacy, we will refer to them by their initials and to their family members by their relationships to the children.  *See* Tex. R. App. P. 9.8.  The parental rights of the children's mother also were terminated after she entered into a mediated settlement agreement.

defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). Father's counsel has certified to this Court that he has provided Father with a copy of the *Anders* brief and informed Father of his right to receive a copy of the entire appellate record and file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief. To date, Father has not filed a pro se brief.

We have conducted a full examination of all of the proceedings to determine whether the appeal is wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have specifically reviewed the trial court's endangerment findings as to Father under subsection 161.001(b)(1) of the Family Code, and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (explaining due process and due course of law considerations pertaining to terminations under section 161.001(b)(1)(D) or (E) of Family Code). After reviewing the record and the *Anders* brief, we find nothing in the record that would arguably support Father's appeal. We agree with Father's counsel that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating Father's parental rights. We deny counsel's motion to withdraw.[2]

---

[2] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Kelly

Affirmed

Filed:   July 30, 2024

---

of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).  Accordingly, counsel's obligations to Father have not yet been discharged.  *See id.*  If after consulting with counsel Father desires to file a petition for review, his counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28.